CV
Paper No. 15



FOR PUBLICATION IN FULL

U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

My Aching Back, Inc.
v.
Alfred Klugman

Concurrent Use No. 631 between application
Serial No. 491,646 filed July 25, 1984 and Registration
No. 1,295,210, issued September 11, 1984.

Lawrence G. Zurawsky and Harry B. Keck for My Aching Back, Inc.

George L. Greenfield for Alfred Klugman.

Before Rice, Rooney and Krugman, Members.

Opinion by Krugman, Member:

A concurrent use application has been filed by My
Aching Back, Inc. to register "MY ACHING BACK" ("BACK"
disclaimed) as a service mark for retail store services in the
field of furniture supports and self-help devices for relief
and prevention of back pain.[1]  Applicant seeks registration
for the entire United States with the exception of the states
of Maine, New Hampshire, Vermont, Massachusetts, Connecticut
and Rhode Island.

_____

[1] Application Serial No. 491,646 filed July 25, 1984 alleging a
date of first use of January 10, 1984.

Applicant has named, as an exception to its right to exclusive use of the mark sought to be registered, one Alfred Klugman, owner of a registration for the mark "MY ACHING BACK" ("BACK" disclaimed) for retail store services in the field of back braces, supports and orthopedic devices.[2] Applicant claims that registrant's use of the mark has been limited to a small geographical area in New England and seeks to restrict the geographical scope of registrant's registration to the states of Maine, New Hampshire, Vermont, Massachusetts, Connecticut and Rhode Island.

This concurrent use proceeding was instituted September 10, 1985. Registrant failed to file any statement permitted by Trademark Rule 2.99(d)(2) and trial dates, including the time for discovery, were set by the Board. Thereafter, the Board suspended proceedings, while the parties engaged in settlement negotiations which failed to result in a settlement, after which the Board resumed proceedings and reset testimony periods.

The record consists of the file of applicant's application and registrant's registration and the testimony deposition (and exhibits) taken by applicant of Robert Fisher Lichtenstul, its vice-president. Only applicant has filed a brief on the case. No oral hearing was requested.

_____

[2] Registration No. 1,295,210 issued September 11, 1984 with a filing date of August 22, 1983.

Applicant has demonstrated, through testimony, that it began using the mark "MY ACHING BACK" to identify its retail store services on January 10, 1984. The testimony further shows that applicant renders its services through one store located in the Pittsburgh, Pennsylvania area; that a variety of products related to the relief and prevention of back pain are sold in applicant's store and that products have been sold to customers located in other states outside of Pennsylvania, namely, Ohio, Maryland, New Jersey, Texas, Massachusetts, North Carolina, Wisconsin, New York, Florida, Tennessee, West Virginia, Oklahoma, Delaware, California, Wyoming, Virginia, Illinois, Connecticut, Idaho and Washington, D.C. The testimony also indicates that no instances of actual confusion have occurred from the contemporaneous use of applicant's mark and registrant's mark.

In view of the foregoing uncontroverted testimony applicant urges that registrant's registration should be restricted to its actual trade area of Maine, New Hampshire, Vermont, Massachusetts, Connecticut and Rhode Island and that applicant be granted a concurrent use registration for the remainder of the United States.

Section 2(d) of the Trademark Act provides for the issuance of concurrent use registrations under certain circumstances. In pertinent part, Section 2(d) states that

3

"...when the Commissioner determines that confusion, mistake or deception is not likely to result from the continued use by more than one person of the same or similar marks under conditions and limitations as to the mode or place of use of the marks or the goods in connection with which such marks are used, concurrent registrations may be issued to such persons when they have become entitled to use such marks as a result of their lawful use in commerce prior to (i) the earliest of the filing dates of the applications pending or of any registration issued under this Act..."

It is clear from the foregoing that a jurisdictional requirement of Section 2(d) is that the date of first use claimed in a concurrent use application must be prior to the filing date of any application or registration owned by the other party or parties identified in the application. In the present case, applicant claims (and has demonstrated) a date of first use of January 10, 1984. The filing date of the registration owned by Alfred Klugman (Reg. No. 1,295,210) is August 22, 1983. Accordingly, at the time applicant commenced use of the mark, it had constructive notice of use of the identical mark for virtually identical services by another party. Applicant, therefore, cannot be considered a lawful concurrent user and does not meet the jurisdictional requirements of Section 2(d) regarding eligibility for

4

concurrent registration. See: Rice, <u>Concurrent Use Applications and Proceedings</u>, 72 TMR 403 (July-August, 1982). As such, applicant clearly is not entitled to the concurrent registration sought.

Moreover, even assuming, arguendo, that the jurisdictional requirements regarding use were met, we nevertheless are not persuaded by the record before us that applicant would be entitled to the concurrent registration sought. The marks involved herein are identical and the services are virtually identical as well. Applicant has failed to demonstrate that confusion as to source would not be likely from the contemporaneous use of the marks in connection with the services in the respective geographical areas. The opportunity for customers to be exposed to both marks is substantial where, as here, the area of exclusive use desired by applicant includes states contiguous to those acknowledged to be registrant's area of exclusive use. Moreover, there is no indication in the record that applicant would not use or advertise the mark in the territory of the registrant and, in fact, the record demonstrates that applicant has made some sales in Massachusetts and Connecticut, two states that applicant concedes should be reserved for the registrant.

Finally, we believe that even if applicant met the jurisdictional requirements regarding use and otherwise

Concurrent Use No. 631

demonstrated that no confusion would result from the contemporaneous use of the marks, applicant, under these circumstances (where applicant is the subsequent user and there has been no long period of failure to expand on the part of the senior user), would at most be entitled to a concurrent use registration only for the area of its actual use, plus possibly an area of natural expansion. See: Weiner King, Inc. v. The Wiener King Corporation, 615 F.2d 512, 204 USPQ 820 (CCPA 1980).

In view of the foregoing, concurrent registration to applicant is refused and the concurrent use proceeding is hereby dissolved with prejudice.

J. E. Rice

L. E. Rooney

G. D. Krugman
Members, Trademark
Trial and Appeal Board

MAR 2 5 1988

6